IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6189 |
| | : | |
| THE COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
|     Respondent. | : | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                                   **DECEMBER 11, 2020**

    Petitioner Amro Elansari filed this *pro se* civil action against the Commonwealth of Pennsylvania seeking a writ of mandamus to compel the Commonwealth to legalize marijuana and expunge criminal records of those, including himself, who have been convicted of marijuana-related crimes. He seeks leave to proceed *in forma pauperis*. The Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Petition for a Writ of Mandamus as legally frivolous for the following reasons.

**I.    FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

    In 2015, Elansari was arrested for and convicted of various marijuana-related offenses in Pennsylvania. *See Commonwealth v. Elansari*, CP-14-CR-0000408-2015 (C.P. Centre). In 2018, Elansari began filing a series of lawsuits in this district, essentially all of which were dismissed outright.[2] Relevant here, on August 7, 2020, Elansari filed a civil action against the

---

[1] The following facts are taken from public dockets and Elansari's Petition for a Writ of Mandamus.

[2] *See Elansari v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 20-4109 (dismissed as frivolous); *Elansari v. Barr*, E.D. Pa. Civ. A. No. 20-4000 (dismissed as frivolous); *Elansari v.*

1

Commonwealth pursuant to 42 U.S.C. § 1983, in which he alleged that the Commonwealth's adoption of a medical marijuana program violated his due process and equal protection rights, apparently because he unsuccessfully defended his criminal drug charges by arguing marijuana has medicinal use.  *See Elansari v. Commonwealth*, Civ. A. No. 20-3895.  Elansari also took issue with the fact that the program did not permit citizens to grow their own marijuana and alleged that the prices for medical marijuana were too high.  In an August 14, 2020 Memorandum and Order, the Court granted Elansari leave to proceed *in forma pauperis* and dismissed his Complaint as legally frivolous because the Commonwealth is not subject to suit under § 1983.  The Court subsequently denied Elansari's request for reconsideration.

On August 18, 2020, Elansari filed a new civil action, which repackaged his prior lawsuit as a mandamus petition pursuant to 28 U.S.C. § 1361.  *See Elansari v. Commonwealth*, Civ. A. No. 20-4109.  Elansari again alleged that the Commonwealth violated his due process and equal protection rights because it adopted a medical marijuana program in the wake of his conviction.

---

*Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 20-3895 (dismissed as frivolous); *Elansari v. F.B.I.*, E.D. Pa. Civ. A. No. 20-3593 (dismissed as frivolous); *Elansari v. Kearney*, E.D. Pa. Civ. A. No. 20-914 (dismissed as frivolous); *Elansari v. Jagex*, E.D. Pa. Civ. A. No. 20-423 (dismissing case as barred by *res judicata*); *Elansari v. Ramirez*, E.D. Pa. Civ. A. No. 19-6198 (dismissed as frivolous), *aff'd* 3d Cir. No. 20-1079 (Aug. 19 2020 Judgment); *Elansari v. Phila. Municipal Ct.*, E.D. Pa. Civ. A. No. 19-6197 (dismissed as frivolous), *aff'd* 3d Cir. No. 20-1078 (Aug. 19, 2020 Judgment); *Elansari v. Ruest*, E.D. Pa. Civ. A. No. 19-3609 (dismissed as frivolous and for failure to state a claim on screening), *aff'd* 3d Cir. No. 19-3021 (Mar. 10, 2020 Judgment); *Elansari v. Altria*, E.D. Pa. Civ. A. No. 19-3415 (complaint dismissed without prejudice for failure to state a claim on screening), *aff'd* 3d Cir. No. 19-3177 (Mar. 25, 2020 Judgment); *Elansari v. Jagex, Inc.*, E.D. Pa. Civ. A. No. 19-3006 (dismissed on screening), *aff'd* 3d Cir. No. 19-2696 (Jan. 22, 2020 Judgment); *Elansari v. Passhe*, E.D. Pa. Civ. A. No. 19-3005 (dismissed without prejudice on screening); *Elansari v. Tinder*, E.D. Pa. Civ. A. No. 19-3003 (dismissed on screening for lack of jurisdiction), *aff'd* 3d Cir. No. 19-2789 (Nov. 14, 2019 Judgment); *Elansari v. Savage*, E.D. Pa. Civ. A. No. 19-787 (dismissed on screening); *Elansari v. Univ. of Pa.*, E.D. Pa. Civ. A. No. 19-786 (dismissed on screening), *aff'd* 3d Cir. No. 19-2043 (July 17, 2019 Judgment); *Elansari v. Golf Club Apartments*, E.D. Pa. Civ. A. No. 18-4171 (dismissed for failure to prosecute).

He also took issue with the quality of the Commonwealth's program, alleging that the prices are too high "**FOR HERB NOT EVEN AS GOOD AS THE SUBSTANDARD HERB IN LEGAL STATES OR THAT CAN BE GROWN BY AN INDIVIDUAL ON THEIR OWN.**" (Civ. A. No. 20-4109, ECF No. 2 at 1 (bold and capitalization in original).) Elansari preferred to grow his own marijuana. (*Id.* at 2.) Elansari sought mandamus relief directing the Commonwealth to authorize home grown marijuana as well as the expungement of all Commonwealth criminal records for marijuana possession and distribution. (*Id.* at 6.)

In an August 28, 2020 Memorandum and Order, the Court granted Elansari leave to proceed *in forma pauperis* and dismissed his mandamus petition as legally frivolous. *See Elansari v. Pennsylvania*, Civ. A. No. 20-4109, 2020 WL 5095446, at *1 (E.D. Pa. Aug. 28, 2020). The Court explained that 28 U.S.C. § 1361, the statute pursuant to which Elansari brought his petition, "only provides a basis for mandamus relief against federal employees or agencies, so it does not provide a basis for relief against the Commonwealth." *Id.* at *2. The Court also explained that Elansari failed to meet the criteria for entitlement to a writ of mandamus. *Id.* The Court warned Elansari that if he continued to file baseless lawsuits, the Court could restrict his filing privileges. *Id.*

On December 7, 2020, Elansari filed his instant petition pursuant to 28 U.S.C. § 1361, based on essentially the same allegations discussed above. Specifically, he seeks "review of the Defendant Commonwealth for (1) selling cannabis in violation of federal law while (2) simultaneously arresting and punishing people with criminal records for violating state law – thereby violating the equal protection clause of the U.S. Constitution . . . ." (ECF No. 2 at 1.) Elansari "demands expungement of all cannabis records within the state of Pennsylvania as well as a declaration on current restriction of growth" which he alleges is unconstitutional. (*Id.*)

Elansari asserts that he raised similar claims in the state courts, which were rejected. (*Id.* at 2.) He attached his prior mandamus petition as an exhibit and suggests that the Court may provide him relief because he has now exhausted those claims in state court. (*Id.* at 1 & 8-15.)

## II.     STANDARD OF REVIEW

The Court grants Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Petition if, among other things, it is frivolous. A pleading is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Elansari's claims are frivolous for the same reason his prior petition was frivolous. Elansari brings his Petition pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, that statute only provides a basis for mandamus relief against federal employees or agencies, so it does not provide a basis for relief against the Commonwealth. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (observing that the district court properly rejected a request for mandamus relief because, "to the extent [plaintiffs] sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these

categories."); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that the district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"). Furthermore, "[m]andamus relief under Section 1361 is an extraordinary remedy, which should be utilized only to compel the performance of a clear non-discretionary duty, after plaintiff has exhausted all other avenues of relief," and Elansari has not met those requirements here. *Scott v. PA*, Civ. A. No. 18-0251, 2018 WL 2045507, at *2 (M.D. Pa. May 1, 2018) (rejecting mandamus request where petitioner sought vacatur of criminal sentence).  Leaving aside Elansari's experience in the state courts and the Court's inability to provide mandamus relief against the Commonwealth, Elansari had not identified a non-discretionary duty that anyone was required to perform.  Rather, he discusses matters of marijuana legislative policy including how to handle prior convictions for marijuana offenses.  These are policy grievances, not fodder for mandamus relief.

This is the seventeenth case Elansari has filed in this Court in just over two years, and the fifth legally baseless case he has filed in approximately five months, three of which concerned identical subject matter.  *See supra note* 2.  "This Court recently put Elansari 'on notice that filing baseless lawsuits may result in restriction of his filing privileges, including restrictions on his ability to file *in forma pauperis*.'" *Elansari*, 2020 WL 5095446, at *2 (quoting *Elansari v. Barr*, Civ. A. No. 20-4000, 2020 WL 4934333, at *3 (E.D. Pa. Aug. 24, 2020) (citing *Abdul-Akbar v. Watson*, 901 F.3d 329, 333 (3d Cir. 1990))).  It appears Elansari disregarded the portion of the Court's prior opinion explaining that he could not bring a mandamus petition against the Commonwealth and mistakenly concluded that he could reassert his claims after fully litigating them in the state courts.  Giving Elansari the benefit of the doubt, the Court will not impose an injunction at this time.  However, he should be under no misapprehension that continuing to file

repetitive, meritless claims in the future will result in the imposition of restrictions on his filing privileges.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Petition for a Writ of Mandamus as legally frivolous with prejudice because amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**